**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SUE ELLEN JONES-DOWD, on behalf of herself and all others similarly situated<br><br>    Plaintiffs<br><br>    vs.<br><br>TENDER LOVING FAMILY CARE INC.; T.L.F.C. COMPANION SERVICES LLC; and ANNIKA D'ANDREA, individually and in her role as owner of TENDER LOVING FAMILY CARE INC. and/or T.L.F.C. COMPANION SERVICES LLC,<br><br>    Defendants | **CLASS and COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**Index No.** 6:17-cv-6726 |

## NATURE OF ACTION

1. This is a proceeding for relief to redress the deprivation of rights secured to Plaintiffs, and those similarly situated, under the Fair Labor Standards Act of 1938 ("FLSA") and the New York Labor Law ("NYLL").

## JURISDICTION & VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1337; 28 U.S.C. § 1343 (3) and (4); and 29 U.S.C. § 216(b).

3. This Court's supplemental jurisdiction of claims arising under the NYLL is also invoked.

4. Venue is proper in the Western District of New York pursuant to 28 U.S.C. § 1391(b).

## PARTIES

Plaintiffs

5. Plaintiff Sue Ellen Jones-Dowd is an individual residing in the City of Rochester, County of Monroe, and State of New York, who was employed by from approximately March, 2013 through March, 2016, and who at all relevant times was an employee of Defendants', for purposes of the FLSA and NYLL within this District.

6. At all relevant times, Defendants' policy was to pay Plaintiff, and those she seeks to represent, less than one and one-half times their regular hourly rate for all hours worked in excess of forty in a single workweek.

7. At all relevant times, Defendants' policy was to fail to pay Plaintiff, and those she seeks to represent, for all hours that they were suffered to work.

8. At all relevant times, Defendants' policy was to fail to pay Plaintiff, and those she seeks to represent, at least minimum wage for all hours they were suffered to work.

9. At all relevant times, Defendants did not provide Plaintiff, and those she seeks to represent, with proper written notices as required by the Wage Theft Prevention Act.

FLSA Class Members

10. The FLSA Class Members worked for Defendants as Home Healthcare Aides ("HHA"), though job titles were not consistently applied. FLSA Class Members' duties included providing care, assistance and companionship for elderly, ill,

and/or infirm clients/customers of Defendants in their homes and at residential facilities operated by Defendants.

11. The classes of similarly situated employees sought to be certified pursuant to 29 U.S.C. § 216(b) as a collective action are defined as:

   FLSA Overtime Subclass:  All current or former employees of Defendants who provided care, assistance or companionship to individuals in their homes and at Defendants' facilities during the period October 20, 2014 through the present, and who were paid by the hour but not paid at least one and one-half times their regular hourly rate for all hours worked in excess of forty in a single workweek.

   FLSA Minimum Wage Subclass:  All current or former employees of Defendants who provided care, assistance or companionship to individuals in their homes and at Defendants' facilities during the period October 20, 2011 through the present, and who were paid by the hour but not paid at least minimum wage for all hours worked in a single workweek.

NYLL Class Members

12. The NYLL Class Members worked for Defendants as Home Health Care Aides ("HHA"), though job titles were not consistently applied. NYLL Class Members' duties included providing care, assistance and companionship for elderly, ill, and/or infirm clients/customers of Defendants in their homes and at residential facilities operated by Defendants.

13. Plaintiff seeks to certify the following NYLL subclasses:

   NYLL Regular/Overtime Subclass: All current or former employees of Defendants who provided care, assistance or companionship to individuals in their homes and at Defendants' facilities during the period October 20, 2011 through the present, and who were paid by the hour but not paid:  1) at least their regular hourly rate for all hours worked up to and including forty in a single workweek; and 2) at least one and one-half times their regular hourly rate for all hours worked in excess of forty in a single workweek.

   NYLL Minimum Wage Subclass:  All current or former employees of Defendants who provided care, assistance or companionship to individuals in their homes and at Defendants' facilities during the period October 20, 2011 through the present,

and who were paid by the hour but not paid at least minimum wage for all hours worked in a single workweek.

<u>NYLL Wage Theft Prevention Act Subclass</u>: All employees of Defendants' who at any time from October 20, 2017 through the entry of final judgment in this matter, did not receive proper written notices as required under the Wage Theft Prevention Act.

<u>Defendants</u>

14. Defendant Tender Loving Family Care, Inc. is a domestic business corporation formed on April 21, 2009 and maintaining an address with the New York Secretary of State at 97 West Ave., Brockport NY 14420.

15. Defendant T.L.F.C. Companion Services LLC is a domestic limited liability company formed on June 30, 2011 and maintaining an address with the New York Secretary of State at 97 West Ave., Brockport NY 14420.

16. Upon information and belief, Tender Loving Family Care, Inc. and T.L.F.C. Companion Services LLC were created by, or at the direction of, Defendant Annika D'Andrea.

17. At all relevant times, upon information and belief, Annika D'Andrea is/was an owner, member or manager of T.L.F.C. Companion Services LLC.

18. At all relevant times, upon information and belief, Annika D'Andrea is/was an owner, officer, or manager of Tender Loving Family Care, Inc.

19. Annika D'Andrea is therefore responsible for all obligations incurred in the name of T.L.F.C. Companion Services LLC.

20. Annika D'Andrea is therefore responsible for all obligations incurred in the name of Tender Loving Family Care, Inc..

21. Tender Loving Family Care, Inc. is New York State licensed home care services agency and maintains a website at http://tenderlovingfamilycare.com/.

22. At all relevant times, Annika D'Andrea had control over Plaintiff and Class Members in the course of their employment, as she made or was involved in all operational decisions such as hiring, termination, compensation, and scheduling.

23. At all relevant times, Annika D'Andrea has had operational control over Tender Loving Family Care, Inc.

24. At all relevant times, Annika D'Andrea has had operational control over T.L.F.C. Companion Services LLC.

25. At all relevant times, Annika D'Andrea is and has been an employer within the meaning of the Fair Labor Standards Act and New York Labor Law.

26. At all relevant times, Tender Loving Family Care, Inc. is and has been an employer within the meaning of the Fair Labor Standards Act and New York Labor Law.

27. At all relevant times, T.L.F.C. Companion Services LLC is and has been an employer within the meaning of the Fair Labor Standards Act and New York Labor Law.

28. Upon information and belief, Defendant Annika D'Andrea operates Tender Loving Family Care, Inc. as an alter ego of herself, and/or failed to operate it as legally separate and apart from herself by, among other things,

    a. failing to adhere to the corporate formalities necessary to operate Tender Loving Family Care, Inc. as a corporation;

    b. defectively forming or maintaining Tender Loving Family Care, Inc., by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records;

    c. transferring assets and debts freely as between all Defendants;

    d. operating Tender Loving Family Care, Inc. for her own benefit and maintaining control over it as a closed company;

    e. intermingling assets and debts of her own with Tender Loving Family Care, Inc. and diminishing and/or transferring assets to avoid full liability as necessary to protect her own interests; and

    f. other actions evincing a failure to adhere to the corporate form.

29. Upon information and belief, Defendant Annika D'Andrea operates T.L.F.C. Companion Services LLC as an alter ego of herself, and/or failed to operate it as legally separate and apart from herself by, among other things,

    a. failing to adhere to the corporate formalities necessary to operate T.L.F.C. Companion Services LLC as a limited liability company;

    b. defectively forming or maintaining T.L.F.C. Companion Services LLC, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records;

    c. transferring assets and debts freely as between all Defendants;

    d. operating T.L.F.C. Companion Services LLC for her own benefit and maintaining control over it as a closed company;

    e. intermingling assets and debts of her own with T.L.F.C. Companion Services LLC and diminishing and/or transferring assets to avoid full liability as necessary to protect her own interests; and

    f. other actions evincing a failure to adhere to the corporate form.

30. Defendants' employees are engaged in interstate commerce and Defendants' annual gross volume of sales made or business done exceeds $500,000.00, exclusive of excise tax.

Case 6:17-cv-06726-EAW-JWF   Document 1   Filed 10/20/17   Page 6 of 16

6

## COLLECTIVE ACTION ALLEGATIONS

31. The class consists of current and former employees of Defendants' who are similarly situated to Plaintiff because they were injured by Defendants' illegal practices of refusing to pay them at least minimum wage for hours worked, and for refusing to pay them for all hours worked in excess of forty at a rate at least one and one-half times their regular hourly rate.

32. The class size is believed to be in excess of 50 current and former employees.

33. The specific job titles or precise job requirements of the Class Members do not prevent collective treatment. All employees, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of facts.

34. There are no known conflicts of interest between Plaintiff and other Class Members.

35. Plaintiff's Counsel, Ferr & Mullin, P.C. and Cordello Law, PLLC, are qualified and able to litigate the claims of Plaintiffs and Class Members.

36. Defendants have knowledge of their responsibilities and obligations under the FLSA.

37. Defendants' failure to pay overtime compensation as required by the FLSA results from a generally applicable, systematic policy.

38. Defendants violated their obligations under the FLSA and are liable to Plaintiff and Class Members.

39. Further, Defendants' violations of their obligations under the FLSA were willful.

## RULE 23 CLASS ACTION ALLEGATIONS-NEW YORK

40. This action is maintainable as a class action under Rule 23.

41. Numerosity is met because the Class size is believed to be over 50 members. Therefore, the Class is so numerous that joinder of all members is impracticable. The identities of the Class Members are known to Defendants and are contained in the employment records Defendants are required to maintain under the FLSA and NYLL.

42. Plaintiff and the other members of the Class share common issues of law and fact as to whether they were paid properly and received proper written notices, and have common claims that are typical of the claims of the Class because they are or were employed by Defendants as hourly workers, were subject to the same policies and practices and suffered similar losses, injuries and types of damages as a result of Defendants' failure to comply with the NYLL and Wage Theft Prevention Act.

43. Common issues of law and fact exist as to all members of the Class and predominate over any questions affecting only individual Class Members.

    Among the common issues of law and fact are the following:

    Whether Defendants paid Class Members at least their regular hourly rate for all hours worked up to and including forty in a single workweek; and at least one and one-half times their regular hourly rate for all hours worked in excess of forty in a single workweek.

    Whether Defendants paid Class Members at least minimum wage for all hours worked in a single workweek.

    Whether Defendants provided Class Members with proper written notices as required by the Wage Theft Prevention Act.

44. These common questions of law and fact also predominate over any questions affecting only individual members.

45. Plaintiff's claims are typical of the claims of other members of the Class because Plaintiff worked as a HHA and, during the period January 1, 2015 through present, was not paid at a rate of at least one and one-half times her regular hourly rate for hours worked in excess of forty in a single work week; was not paid at least minimum wage for all hours worked; and was not paid at least her regular hourly rate for all hours worked up to and including forty in a single workweek; and at least one and one-half times her regular hourly rate for all hours worked in excess of forty in a single workweek, all as required by the NYLL. Further, Plaintiff did not receive proper written notices as required by the Wage Theft Prevention Act.

46. Plaintiff and her counsel will fairly and adequately protect the interests of the Class. Plaintiff has no interest antagonistic to the Class, and has retained counsel experienced in wage and hour class action litigation.

47. It is in the best interests of individual Class Members to aggregate their claims in this single action in order to minimize costs and maximize efficiency.

48. The claims of Class Members stated herein are best addressed in the instant forum because it is accessible to all concerned parties.

49. The difficulties in managing the instant class action are minimal because the policies complained of were uniformly applied and damages, though individual, can be easily calculated.

50. Cordello Law PLLC and Ferr & Mullin P.C., counsel for the Class, are qualified and able to litigate the claims of Plaintiff and the Class.

51. Cordello Law PLLC and Ferr & Mullin P.C., concentrate their practices in employment litigation, and are experienced in class action litigation, including class actions arising under wage and hour laws.

## FACTUAL ALLEGATIONS

52. Plaintiff and Class Members were employed by Defendants as home health aides who provided care, assistance or companionship to individuals in their homes and at Defendants' facilities.

53. Plaintiff and Class Members worked schedules that varied week to week, but routinely worked in excess of forty hours.

54. Neither Plaintiff nor Class Members were compensated in accordance with the FLSA and NYLL because they were not paid at least one and one-half times their regular hourly rate for hours worked in excess of forty in a single workweek on or after January 1, 2015; were not paid at least their regular hourly rate for all hours worked up to and including forty in a single workweek; and not paid at least minimum wage for all hours worked.

55. Defendants' policy is/was to pay Plaintiff and Class Members for hours in excess of forty at a rate less than one and one-half times their regular hourly rate as is required by FLSA and NYLL.

56. Defendants were aware of their obligation to pay Plaintiff and Class Members at least one and one-half times their regular hourly rate for hours worked in excess of forty.

57. Defendants' policy is/was to fail to pay Plaintiff and Class Members for all hours worked. Specifically, Defendants required Plaintiff and Class Members to work shifts of up to twenty-four hours, but not pay them for all hours worked.

58. Defendants' policy is/was to require Plaintiff and Class Members to remain in Defendants' facilities for their entire shifts, including those lasting up to twenty-four hours, but to not pay them for up to eight of those hours.

59. Defendants told Plaintiffs and Class Members that they were to sleep during the unpaid eight hours, but they were prohibited from leaving the facility, not able to use the time as they desired, and were required to tend to the needs of the residents, even if that required interrupting their sleep.

60. Plaintiff and Class Members were frequently awakened during the night to tend to Defendants' patients, and other business needs of Defendants, but were prohibited from submitting that time for payment. The durations of these interruptions varies but frequently exceed three hours.

61. The requirement that Plaintiff and Class Members remain on Defendants' premises for up to 24 hours without being paid for all such hours was not negotiated between Defendants and Plaintiff and Class Members, but was mandated by Defendants.

62. The periods during which Plaintiff and Class Members could sleep, when they did occur, did not occur at regular times, and were not always eight hours.

63. On many occasions, when Plaintiff and Class Members were interrupted and attempted to report the interruption, Defendants told them to try to take a nap the

following day, which was not possible due to the needs of the residents and other business needs of Defendants.

64. By way of example only, for the workweek with a pay date of 12/24/15, Plaintiff was paid for four twenty-four hours shifts at $140.00 for each shift. This was consistent with Plaintiff's compensation, as explained to her by her hiring supervisor Terry Monticelli, of sixteen hours of each twenty-four hour shift at $8.75 per hour, which was not negotiable. As per Defendants' policy, Plaintiff was required to work all twenty-four hours of these shifts, but was only paid for sixteen hours of each.

65. During the same workweek with a pay date of 12/24/15, Plaintiff performed other work for Defendants by working as a HHA in the private homes of clients of Defendants. Plaintiff's agreed upon hourly rate for such work was $11.00 and she worked 46 hours that week in this capacity. Plaintiff was paid at the rate of $11.00 for each of the 46 hours, and was not paid overtime for any of them.

66. During the workweek with a pay date of 12/24/15, Plaintiff worked four 24-hour shifts, for a total of 96 hours, for which she was paid for 64 hours, at a rate of $8.75 per hour. Plaintiff also worked an additional 46 hours, for which she was paid her regular rate of $11.00 per hour.

67. The correct method for calculating overtime for multiple positions and rates is a weighted average using regular rates. For the workweek with a pay date of 12/24/15, Plaintiff's regular rate for the 96 hours was $8.75, and was $11.00 for the other 46 hours. This yields a total of $1,346.00 ((96 x $8.75) + (46 x $11.00)). The weighted average regular rate is $9.48 ($1,346.00 ÷ (96 + 46)), and the

12

overtime rate is $14.22 ($9.48 x 1.5). Plaintiff worked a total of 142 hours, of which 102 were overtime. The amount of overtime owed is therefore $1,450.44.

68. In addition to Defendants' policies of not paying proper overtime, or for all hours worked, on 24-hour shifts, Defendants failed to pay at least one and one-half times the regular rate for hours worked in excess of forty for other HHA work.

69. For example, in the above-explained workweek with a pay date of 12/24/15, Plaintiff worked 46 hours as a HHA in the homes of Defendants' clients. Even if Plaintiff had not worked the other 24-hour shifts that week, she was entitled to be paid one and one-half times her regular rate of $11.00 for the six hours of overtime.

70. If Plaintiff or Class Members did not work an entire 24 hour shift, they were only paid for a percentage of that shift.

71. By way of example, for the work week with a pay date of 12/18/2015, Plaintiff was paid for 3.7 24-hour shifts, at the shift rate of $140.00, for a total of $518.00. This was Defendants' practice when Plaintiff and Class Members worked the 16 hours, but did not spend the additional eight hours of "sleep time." This method reduces the shift pay by the eight hours, but this is inappropriate because they were not paid for those eight hours to begin with.

72. The FLSA contains an exemption which exempts certain domestic worker for the requirement of being paid overtime. Prior to January 1, 2015, the Department of Labor interpreted this regulation as applying to Plaintiff and Class Members.

73. In October 2013, the Department of Labor changed its interpretation to no longer include workers employed by third party agencies or employers, such as

Defendants. This change, to 29 C.F.R. §552.109(a), was effective January 1, 2015, and was widely publicized.

74. This Court has held that the aforementioned change to 29 C.F.R. §552.109(a) was effective January 1, 2015.

75. As a result of the aforementioned change to 29 C.F.R. §552.109(a), Defendants were required, under both the FLSA and NYLL, to pay Plaintiff and Class Members at least one and one-half their regular rate for all hours worked in excess of forty in a single work week, beginning January 1, 2015.

76. Defendants, upon information and belief, were aware of this change.

77. Defendants, in spite of the amended regulation, continued to refuse to pay Plaintiff and Class Members proper overtime after January 1, 2015.

78. The amount of unpaid overtime wages that Defendants owe Plaintiff and Class Member can be readily calculated by Defendants because Defendants have records of the number of hours that each Plaintiff and Class Member worked each workweek.

79. The amount that Plaintiff and Class Member is owed for each workweek can be calculated by subtracting the amount actually paid from the sum of: their regular hours multiplied by their regular rate and their overtime hours multiplied by one and one-half times their regular rate.

80. The information necessary to calculate the exact amounts that Defendants owe each Plaintiff and Class Member is in the possession and control of Defendants.

81. Defendants practice and policy was to fail to provide employees, including Plaintiff and Class Members, with proper written notices as required by the Wage Theft Prevention Act.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants, and respectfully request that this Court grant the following relief:

a. an award crediting Plaintiff and Class Members for all hours worked, at the appropriate hourly rates;

b. an award of the value of Plaintiff's and Class Members' unpaid overtime;

c. compensation, pursuant to the NYLL, for failure to receive proper written notices as required by the Wage Theft Prevention Act;

d. liquidated damages under the FLSA and NYLL equal to the sum of the amount of overtime and/or minimum wage that was not properly paid to Plaintiff and Class Members;

e. an award of reasonable attorneys' fees, expenses, expert fees, and all other costs incurred in vindicating the rights of Plaintiff and Class Members;

f. an award of pre- and post-judgment interest;

g. the amount equal to the value which would make Plaintiff and Class Members whole for the violations; and

h. such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff and Class Members demand a trial by jury on all questions of fact raised by the Complaint.

Dated:  October 20, 2017

/s/
Robert Mullin
Ferr & Mullin, P.C.
*Attorney for Plaintiff*
7635 Main St. Fishers
P.O. Box 440
Fishers, NY 14453
t (585) 869-0210
rlmullin@FerrMullinLaw.com

/s/
Justin M. Cordello
Cordello Law, PLLC
*Attorney for Plaintiffs*
95 Allens Creek Rd., Bldg. 2, Ste 215
Rochester, New York 14618
t (585) 857-9684
justin@cordellolaw.com