# **<u>EXHIBIT 1</u>**

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE ("Agreement") is made and entered into this ____ day of June, 2018, by and between Sue Ellen Jones-Dowd ("Plaintiff") and Tender Loving Family Care Inc., T.L.F.C. Companion Services LLC, and Annika D'Andrea, in her official and individual capacity (collectively referred to herein as "Defendants"), each individually referred to hereafter as a "Party" and collectively referred to hereafter as "the Parties."

WHEREAS, there is now pending in the United District Court for the Western District of New York, an action captioned as *Sue Ellen Jones-Dowd, on behalf of herself and all others similarly situated, v. Tender Loving Family Care Inc.; T.L.F.C. Companion Services LLC and Annika D'Andrea, individually and in her role as owner of Tender Loving Family Care Inc. and/or T.L.F.C. Companion Services LLC*, Case No. 17-CV-6726 (the "Action"), in which Plaintiff asserts against Defendants certain claims arising out of Plaintiff's employment with Defendants;

WHEREAS, Defendants deny and continue to deny any and all allegations contained in the Complaint;

WHEREAS, the Parties have considered that the interest of all concerned are best served by compromise, settlement and dismissal of the Action with prejudice, and have concluded that the terms of this Agreement are fair, reasonable, adequate and in their mutual best interest; and

WHEREAS, without any admission of liability or wrongdoing whatsoever, the Parties wish to resolve and settle any and all disputes and controversies between them, including, but not limited to, all issues relating to Plaintiff's Complaint, and the employment and/or termination of Plaintiff by Defendants.

NOW, THEREFORE, in consideration of the mutual obligations and undertakings of the Parties as set forth in this Agreement, the Parties agree to settle the dispute between them as follows:

1.   **CONSIDERATION**

   a.   Defendants shall pay Plaintiff and her attorneys a total sum of Fifteen Thousand Dollars ($15,000.00) (hereinafter the "Settlement Amount") as follows:

   i.   Two Thousand Five Hundred Dollars ($2,500.00), less applicable deductions and withholdings, which represents wages/benefits due, whether asserted in Plaintiff's Complaint or otherwise. Defendants shall pay this amount by check payable to "Sue Ellen Jones-Dowd." Defendants will report the entire payment ($2,500.00) as gross wages on Plaintiff's IRS Form W-2 for 2019. The employer's portion of payroll taxes, deductions, and withheld federal income taxes will be deducted and paid by Defendants to the IRS and the appropriate state taxing authorities.

Jones-Dowd v. Tender Loving Family Care Inc., et al.
Case No. 17-CV-6726

      ii.    Two Thousand Five Hundred Dollars ($2,500.00) in settlement of Plaintiff's claims for liquidated, compensatory and/or punitive damages. Defendants shall pay this amount by installment checks payable to "Sue Ellen Jones-Dowd," as indicated in Exhibit A. Defendants will issue Plaintiff an IRS Form 1099 for this payment.

      iii.    Ten Thousand Dollars ($10,000), which represents attorneys' fees and costs incurred by Plaintiff. Defendants shall pay this amount by installment checks payable to "Ferr & Mullin, P.C.," as indicated in Exhibit A. Defendants will issue Ferr & Mullin, P.C. an IRS Form 1099 for this payment. Plaintiff's counsel agrees to provide a fully executed Form W-9 for and in relation to this payment. Plaintiff acknowledges that she has expressly authorized and directed Defendants to make this payment to Ferr & Mullin, P.C.

b.    Defendants make no representations to Plaintiff and/or her attorneys regarding the taxability and/or tax implications of this settlement. Defendants shall have no responsibility or liability for any federal, state, or local taxes that may be owed by Plaintiff or her attorneys in connection with the payments made pursuant to this Agreement. Plaintiff and her attorneys assume full responsibility and shall be solely responsible for all taxes, penalties and interest individually owed by them with respect to any payment made pursuant to this Agreement.

c.    Plaintiff agrees that she is not entitled to any other compensation or benefits of any kind or description from Defendants, other than as described above.

d.    Plaintiff agrees that she is not entitled to any further payment for attorneys' fees and costs.

2.    **PAYMENT AND PAYMENT TIMING.**

a.    Defendants shall make payments, as set forth on Exhibit A, commencing June 18, 2018 and on the eighteenth day of each subsequent month. Payments shall be held in escrow by Defendants' counsel until such time as the court approves the settlement as a fair and reasonable resolution of a bona fide dispute over a provision of the Fair Labor Standards Acts and New York Labor Law, and Plaintiff's other claims. Within three (3) business days of the aforementioned court approval, Defendants' counsel shall forward said payments held in escrow to Plaintiff's counsel. Defendants or their counsel shall deliver all payments to Plaintiff's counsel, Ferr & Mullin, P.C. (Attn: Robert Mullin, Esq.), 7635 Main Street, P.O. Box 440, Fishers, New York 14453.

b.    If Defendants fail to timely make any of the payments described above, or if Defendants' payment by check fails to clear (i.e., bounces) on its respective payment date, Plaintiff's counsel shall provide, by e mail or other written notification, a notice to cure to Defendants' counsel. Defendants shall cure the default within fourteen (14) days from and including the date on which the notice was sent. In the event Defendants fail to cure within the aforementioned period,

Jones-Dowd v. Tender Loving Family Care Inc., et al.
Case No. 17-CV-6726

Plaintiff may terminate this Agreement and resume the Action. Plaintiff agrees that if she terminates the Agreement in accordance with this paragraph, she will repay any of the Settlement Amount paid by Defendants pursuant to Paragraph 1 of this Agreement within 30 days of such termination.

c.    In the event that Defendants make any monthly payment exceeding the amount allocated in Exhibit A, the remaining payments due, if any, will continue to be due on a monthly basis pursuant to the timing schedule on Exhibit A until such time as the total of $15,000.00 has been paid.

3.    **COMPLETE WAIVER AND RELEASE**

a.    Plaintiff, for herself and her heirs, successors and assigns, in consideration of the sums and benefits described in Section 1 of this Agreement, does hereby forever discharge and release Defendants from any and all claims, demands, causes of action, and complaints that she now has, or which any person or entity may have on her behalf, including, without limitation, all claims, demands, causes of action, and complaints alleged in the Complaint, or otherwise from Plaintiff's employment and/or termination of employment with Defendants.

b.    This release, discharge and waiver includes, but is not limited to: (i) any claims, demands, causes of action, or complaints (collectively called "claims"), whether collective or individual, arising out of or under the Fair Labor Standards Act, the New York Labor Law, the Wage Theft Protection Act, New York Minimum Wage Order for Miscellaneous Industries and Occupations, the Employee Retirement Income and Security Act of 1974, the Equal Pay Act, the Immigration Reform and Control Act, each as amended, or any other similar federal, state or local law; (ii) any claims for overtime, commissions, or unpaid wages, whether based on common law or otherwise, and specifically includes all claims for unpaid overtime, improper deductions, travel time, spread of hours pay, bonuses, penalties, expense reimbursements, gratuities, fees, tip credits, tip allowances, services charges and retained gratuities arising from Plaintiff's employment with Defendants, and all claims for other compensation, wages or benefits under federal, state or local law; and (iii) any other claim, whether for monies owed, reimbursement, attorneys' fees, litigation costs, damages (including punitive damages), tort, intentional infliction of emotional distress, retaliation, constructive discharge, wrongful discharge, or otherwise, arising prior to or at the time of the execution of the Agreement, including but not limited to all claims asserted in the Action.

c.    Plaintiff agrees that the waiver and release of all claims described in this Paragraph applies not only to the Defendants, but also to Defendants' predecessors, successors, and past and future parents, subsidiaries, related entities, owners, and all of their members, officers, directors, agents, attorneys, employees and assigns (collectively with Defendants, the "Releasees").

d.    This waiver and release does not include Plaintiff's vested rights under any qualified retirement plan in which she participated, if any. Nothing in this waiver

3

Jones-Dowd v. Tender Loving Family Care Inc., et al.
Case No. 17-CV-6726

and release shall be construed to constitute a waiver of: (i) any claims Plaintiff may have against the Defendants that arise from acts or omissions that occur after the date that Plaintiff signs this Agreement; (ii) her right to file an administrative charge or complaint with any governmental agency; (iii) her right to participate in any administrative or court investigation, hearing or proceeding; or (iv) any claims that she cannot waive as a matter of law. Plaintiff agrees, for herself and her heirs, successors, and assigns, however, to waive and release any right to receive any individual remedy or to recover any monetary damages as a result of any administrative charge, proceeding or lawsuit brought by her or on her behalf. In addition, this waiver and release does not affect Plaintiff's rights as expressly created by this Agreement and does not limit her ability to enforce this Agreement.

4. <u>STIPULATION OF DISMISSAL WITH PREJUDICE.</u> Upon completion of execution and delivery of this Agreement and the payments set forth in Section 1, counsel for the Parties shall file a Stipulation and Order of Dismissal with Prejudice and request that the Court dismiss with prejudice the Action, without costs or attorneys' fees to either Party. The Parties agree to submit any papers to the Court that are necessary to effectuate the dismissal of the action and/or the full and effective release of all claims released herein; however, the Court shall retain jurisdiction to enforce the terms of this Agreement.

5. <u>NON-DISPARAGEMENT.</u> The Parties agree that they will not directly or indirectly make, or cause to be made, any written or oral statement or other communication that is derogatory or disparaging to the other. This will not preclude either Party from making good faith statements in the context of any judicial, administrative, arbitration, mediation or other legal proceeding.

6. <u>LIMITED CONFIDENTIALITY.</u> The Parties shall not notify or comment on any form of social media, including but not limited to Twitter, Facebook, Instagram, blogs or the like regarding the disputes that exist between Plaintiff and Defendants and/or the circumstances and facts giving rise to this Agreement.

7. <u>NO ADMISSION OF LIABILITY.</u> Nothing contained in this Agreement, or in any document that may be executed in connection herewith, is intended to be or shall be deemed, construed, or treated in any respect as an admission of any fault, wrongdoing, or liability on the part of Defendants or their agents, attorneys, officers, shareholders, directors, parents, employees, successors, assigns, affiliates, or related companies; nor shall it be construed as an admission of any act or fact whatsoever, including but not limited to any violation of federal, state, local or common law, statute, ordinance, regulation or order. Defendants completely deny that they are responsible or legally obligated for any claims or that they have engaged in any wrongdoing.

8. <u>VOLUNTARY AGREEMENT.</u> Plaintiff represents and warrants that she has had an opportunity to consult legal counsel regarding this Agreement and enters into this Agreement voluntarily, of her own free will, without any pressure or coercion from any person or entity, including, but not limited to, Defendants, their successors, assigns, parents, affiliates, related companies, or any of their representatives.

Jones-Dowd v. Tender Loving Family Care Inc., et al.
Case No. 17-CV-6726

9.     SCOPE OF AGREEMENT. This Agreement constitutes the entire agreement and understanding of the Parties and supersedes all prior oral and written agreements or understandings related to the subject matter of this Agreement. The Parties reserve their rights as to all matters not specifically covered by this Agreement. The terms of this Agreement may not be modified except by a writing signed by all Parties. Whenever possible, each provision of this Agreement shall be interpreted in such a manner as to be effective and valid under applicable law.

10.     GOVERNING LAW. This Agreement shall be governed, construed, and enforced in accordance with the laws of the State of New York, without regard to principles of conflict of laws. The venue for disputes between the Parties arising under this Agreement shall lie in the United States District Court for the Western District of New York. Also, if a court of competent jurisdiction finds that the Complete Waiver and Release (set forth above) is illegal, void, or unenforceable, Plaintiff agrees, promptly upon request, to execute a second release that is reasonable, legal and enforceable, without further consideration, payments, or compensation.

11.     EXECUTION IN COUNTERPARTS. This Agreement may be executed in multiple originals, each of which shall be considered as an original instrument, but all of which together shall constitute one Agreement, and shall be binding upon the Parties. A photocopy or facsimile of the original documents will have the same force and effect as the original.

12.     SEVERABILITY. Each provision of this Agreement is severable and, if any term or provision is held to be invalid, void, or unenforceable by a court of competent jurisdiction or by an administrative agency for any reason whatsoever, such ruling shall not affect the validity of the remainder of this Agreement.

13.     REMEDIES. The Parties agree that if either Party violates any of the terms of this Agreement, in addition to any other remedy that each may have in law or in equity, the other party may bring an action to enforce this Agreement and the prevailing Party shall be awarded attorneys' fees and costs.

14.     This Agreement shall not become effective and enforceable until after Plaintiff's counsel receives a copy of the Agreement executed by Defendant. None of the payments provided or benefits described in Section 1 of this Agreement shall be made or provided until after the Agreement has been fully executed by the Parties and approved by the Court.

*[signature page to follow]*

Jones-Dowd v. Tender Loving Family Care Inc., et al.
Case No. 17-CV-6726

## EXHIBIT A

### Payment Schedule

| Check Distribution | Wages Check | Damages Check | Attorney's Fee Check | Total Monthly Payment |
|---|---|---|---|---|
| Month 1 | $2,500 | $0 | $3,500 | $6,000 |
| Month 2 | $0 | $500 | $1,000 | $1,500 |
| Month 3 | $0 | $500 | $1,000 | $1,500 |
| Month 4 | $0 | $500 | $1,000 | $1,500 |
| Month 5 | $0 | $500 | $1,000 | $1,500 |
| Month 6 | $0 | $500 | $1,000 | $1,500 |
| Month 7 | $0 | $0 | $1,500 | $1,500 |
|  |  |  |  |  |
| Total | $2,500 | $2,500 | $10,000 | $15,000 |

Jones-Dowd v. Tender Loving Family Care Inc., et al.
Case No. 17 CV 6726

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the date set forth below:

_____
SUE ELLEN JONES-DOWD

STATE OF NEW YORK )
COUNTY OF _ONTARIO_ ) ss.

On this ___7___ day of ___June___, 2018, before me personally appeared SUE ELLEN JONES-DOWD, described herein and who executed the foregoing Confidential Settlement Agreement and General Release and she acknowledged to me that she executed the same.

_____
Notary Public

> ROBERT MULLIN
> NOTARY PUBLIC IN THE STATE OF NEW YORK
> QUALIFIED IN MONROE COUNTY
> COMMISSION EXPIRES JAN. 20, 2020

_____
ANNIKA D'ANDREA on behalf of herself and Tender Loving Family Care, Inc. and T.L.F.C. Companion Services LLC.

STATE OF NEW YORK )
COUNTY OF _MONROE_ ) ss.

On this __29__ day of ___JUNE___, 2018, before me personally appeared ANNIKA D'ANDREA, described herein and who executed the foregoing Confidential Settlement Agreement and General Release and she acknowledged to me that she executed the same on behalf of Defendants.

_____
Notary Public

> DAVID N LONG
> Notary Public - State of New York
> NO. 01LO6329724
> Qualified in Monroe County
> My Commission Expires Aug 31, 2019

6

