UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SUE ELLEN JONES-DOWD, on behalf of
herself and all others similarly situated,

                Plaintiff,
v.

TENDER LOVING FAMILY CARE INC.,
T.L.F.C. COMPANION SERVICES LLC, and
ANNIKA D'ANDREA, individually and in her
role as owner of Tender Loving Family Care Inc.
and/or T.L.F.C. Companion Services LLC,

                Defendants.
_____



**ORDER**

6:17-CV-06726 EAW JWF

On July 12, 2018, the parties submitted a joint application seeking approval of a Settlement Agreement and General Release. (Dkt. 24). On August 29, 2018, the Court held a motion hearing to address the parties' joint motion. (Dkt. 26). At the conclusion of the hearing, the Court instructed Plaintiff's counsel to submit attorney time records for *in camera* review and directed the parties to submit a revised settlement agreement and general release in accordance with discussions held on the record at the motion hearing. (Dkt. 26). Upon consideration of the parties' Joint Motion for Settlement Approval and Dismissal of Claims with Prejudice, the representations of counsel, and all proceedings relating to this matter, it is hereby ORDERED as follows:

1.      The Court has considered the following factors in determining whether the settlement agreement is fair and reasonable:

      a.    Plaintiff's range of possible recovery;

      b.    The extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses;

      c.    The seriousness of the litigation risks faced by the parties;

      d.    Whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and

      e.    The possibility of fraud or collusion.

2.    The Court has also considered a separate set of factors in determining whether settlement is disfavored, including:

      a.    The presence of other employees situated similarly to Plaintiff;

      b.    A likelihood that Plaintiff's circumstance will recur;

      c.    A history of FLSA noncompliance by the same employer or others in the same industry or geographic region; and

      d.    The desirability of a mature record and a pointed determination of the governing factual or legal issues to further the development of the law either in general or in an industry or in a workplace.

3.    Having considered the parties' positions as to the proper valuation of Plaintiff's claims, the risks and costs borne by each party in continuing to litigate this action, that the settlement is a product of an arm's-length negotiation by competent counsel and not the product of fraud or collusion, that the general release clause provision is mutual, that the confidentiality clause is strictly limited to comments made on social media, and that there is no evidence demonstrating the presence of other employees similarly situated

to Plaintiff, the Court finds the Settlement Agreement and General Release to be fair and reasonable under the principles articulated in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

4. The Court also finds the provisions concerning attorneys' fees and costs to be fair and reasonable under the circumstances. Although the requested attorneys' fees recovery is somewhat large when compared with Plaintiff's recovery, Plaintiff's counsel has informed the Court that he failed to maintain a complete log of contemporaneous time records after settlement discussions had commenced in this action. In finding the proposed attorneys' fees and costs to be fair and reasonable, the Court considers the fact that additional timekeeper hours could have been sought had they been logged, and the Court views the attorneys' fees and cost recovery in light of Plaintiff's total recovery—which is greater than the actual damages she would have received had she fully prevailed on her claims.

5. The parties' Settlement Agreement and General Release is hereby APPROVED, and the Clerk of Court is directed to dismiss this case with prejudice.

6. The Clerk of Court is directed to close this case.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: September 27, 2018
Rochester, New York